In re:                                                                  Case No. 18-80680-CRJ
Kimberly Johnson                                                        Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 1126-8          User: rleatherw          Page 1 of 1          Date Rcvd: Mar 21, 2018
                              Form ID: pdf008          Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 23, 2018.
db              +Kimberly Johnson,    579 County Road 814,    Flat Rock, AL 35966-4282
9661298         +Capital One,    Attn: General Correspondence/Bankruptcy,    Po Box 30285,
                  Salt Lake City, UT 84130-0285
9674899         +Cash Express, LLC,    345 South Jefferson Avenue, Suite 300,    Cookeville, TN 38501-3456
9677814         +Complete Title Pawn,    25 Main St.,    Rainsville, AL 35986-5907
9677816        ++GOLD KEY CREDIT INC,    PO BOX 15670,    BROOKSVILLE FL 34604-0122
                 (address filed with court: Gold Key Credit,    P.O. Box 15670,    Brooksville, FL 34604)
9677817         +Lexington Law,    2100 Southbridge Parkway 650,    Birmingham, AL 35209-1302
9677820         +Morris & Lavette,    PO Box 11412,    Birmingham, AL 35202-1412
9677819         +Scottsboro Quick Care Clinic,    1508 South Broad St.,    Suite 200,    Scottsboro, AL 35768-2668

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
9661297         +E-mail/Text: paulab@eva-bank.com Mar 22 2018 01:56:07     Evabank,    1710 Cherokee Ave Sw,
                  Cullman, AL 35055-5333
9677815         +E-mail/Text: LAURA.TERRY@MYFSCU.COM Mar 22 2018 01:56:27     Family Security Credit Union,
                  2204 Family Security Plaza Sw,    Decatur, AL 35603-5500
9677811          E-mail/Text: cio.bncmail@irs.gov Mar 22 2018 01:53:15     Internal Revenue Service,
                  P.O Box 7346,    Philadelphia, PA 19101-7346
9677818          E-mail/Text: helen.ledford@nrsagency.com Mar 22 2018 01:56:39     Nationwide Recovery Service,
                  PO Box 8005,    Cleveland, TN 37320-8005
9677812          E-mail/Text: bankruptcy@revenue.alabama.gov Mar 22 2018 01:56:14     State of Alabama,
                  Legal Division,    P.O Box 320001,    Montgomery, AL 36132-0001
                                                                                              TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
9677813*       +Cash Express, LLC,    345 South Jefferson Ave,    Suite 300,    Cookeville, TN 38501-3456
                                                                                  TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 23, 2018                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 21, 2018 at the address(es) listed below:
              John C. Larsen    on behalf of Debtor Kimberly  Johnson john@jlarsenlaw.com,    lori@jlarsenlaw.com
              Michele T. Hatcher    ecf@ch13decatur.com,    michele.hatcher@ch13decatur.com
                                                                                              TOTAL: 2

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Kimberly Johnson** | |
| | Name: First    Middle    Last | |
| Debtor 2 (Spouse, if filing) | Name: First    Middle    Last | |
| Case number: (If known) | **18-80680** | |

Check if this is an amended plan ☐
Amends plan dated: _____
Part(s) amended:
☐ Part 1    ☐ Part 5
☐ Part 2    ☐ Part 6
☐ Part 3    ☐ Part 8
☐ Part 4    ☐ Part 9

*Failure to check a box identifying a Part amended hereby may render that amendment ineffective.*

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

### Part 2: Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

**$300** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2**   **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction.    Debtor(s) request a payroll deduction be issued to
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

Debtor   **Kimberly Johnson**        Case number   **18-80680**        Eff (12/01/2017)

**2.3** **Income tax refunds and returns.** *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income refunds as follows:

☑ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4** **Additional payment** *(Check all that apply):*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

### Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (Including Escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Evabank | 579 County Road 814 Flat Rock, AL 35966 | $39,245.46 | $396.80 Disbursed by: ☐ Trustee ☑ Debtor(s) | $3,271.65 | 60 | $267.00 | |

**3.2** **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2** **Chapter 13 case filing fee.** *Check one.*

Case 18-80680-CRJ13    Doc 15    Filed 03/23/18    Entered 03/24/18 00:03:27    Desc
Imaged Certificate of Notice    Page 3 of 5

| Debtor | **Kimberly Johnson** | Case number | **18-80680** | Eff (12/01/2017) |
|---|---|---|---|---|

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3  Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**319.00**. The balance of the fee owed to Debtor(s)' attorney is $**3,181.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4  Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The other priority claims are:

| Name of Creditor | Estimated amount of claim to be paid | Monthly fixed payment, if any, to creditor | Monthly fixed payment, if any, to begin |
|---|---|---|---|
| **Internal Revenue Service** | **$1,800.00** | | |

| Name of Creditor | Estimated amount of claim to be paid | Monthly fixed payment, if any, to creditor | Monthly fixed payment, if any, to begin |
|---|---|---|---|
| **State of Alabama** | **$6,838.12** | | |

**4.5  Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:  Treatment of Nonpriority Unsecured Claims**

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2  Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑ Base Plan. This plan proposes to pay $__**18,000.00**__ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3  Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4  Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5  Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6:  Executory Contracts and Unexpired Leases**

**6.1  The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Case 18-80680-CRJ13    Doc 15    Filed 03/23/18    Entered 03/24/18 00:03:27    Desc
Imaged Certificate of Notice    Page 4 of 5

| Debtor | **Kimberly Johnson** | Case number | **18-80680** | Eff (12/01/2017) |

**6.2 The executory contracts and unexpired leases listed below are rejected:**

**-NONE-**

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of the Estate

**8.1** Property of the estate will vest in Debtor(s) *(check one)*:

- ☑ Upon plan confirmation.
- ☐ Upon entry of Discharge

### Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

X  **/s/ Kimberly Johnson**          Date  **March 21, 2018**
   **Kimberly Johnson**

X  _____           Date  _____

**Signature of Attorney for Debtor(s):**
X  **/s/ John C. Larsen**            Date  **March 21, 2018**
   **John C. Larsen**
   **1733 Winchester Road**
   **Huntsville, AL 35811**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**