# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE KIMBERLY JOHNSON,

    Debtor,

Bankruptcy Case Number
18-80680-CRJ-13

KIMBERLY JOHNSON,

    Plaintiff,

v.

LEXINGTON LAW

    Defendants.

Adversary Proceeding No.

## COMPLAINT

The debtor in the above-referenced bankruptcy case and the plaintiff in this adversary proceeding, Kimberly Johnson ("Johnson"), makes the following allegations in her complaint against the defendant, Lexington Law ("Lexington").

### Parties, Jurisdiction, and Nature of Action

1. Johnson is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on March 7, 2018. Lexington is a corporation organized and existing under the laws of the State of Utah. At all times material to this complaint, Lexington regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division, and it is these business transactions that give rise to this litigation.

2. Lexington is listed as a creditor in the schedules filed by Johnson.

3. Despite having both notice and actual knowledge of the commencement of Johnson's case, Lexington took the funds on deposit in Johnson's bank account. The funds in Johnson's account were, as known to Lexington, protected by the automatic stay in this case.

4. Johnson brings this action to recover the funds wrongfully taken by Lexington and to recover from Lexington damages for the injuries sustained as a result of Lexington's actions.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Johnson's estate, requests the return

1

of property of the estate, and affects the adjustment of the debtor-creditor relationship between Johnson and Lexington. Consequently, this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O), and 28 U.S.C. § 1334(b).

### Claim – Violation of the Automatic Stay

6. Johnson incorporates by reference the allegations in paragraphs one through three of this complaint.

7. Schedule D filed by Johnson upon the commencement of this bankruptcy case listed Lexington as a creditor.

8. As a result of Lexington being listed as a creditor in Johnson's schedules, Lexington had both notice and actual knowledge of both the commencement of and all the proceedings in Johnson's bankruptcy case. Additionally, counsel for debtor called repeatedly in order to resolve the situation. Unfortunately, the debtor is unable to make her Chapter 13 plan payment as a direct result of Lexington's violation of the automatic stay. "Jessica" at Lexington Law steadfastly refused to simply return the debtor's money so that she could make her Chapter 13 plan payment.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Johnson's bankruptcy case gave rise to the automatic stay which, among other things, prohibited Lexington from taking the funds in Johnson's bank account from Johnson.

10. Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, Johnson discovered Lexington had, subsequent to the filing of this case, taken the funds on deposit in Johnson's bank account.

11. The actions of Lexington as set forth in this complaint violate 11 U.S.C. §§362(a)(3), (4), (5), and (6).

12. Johnson has sustained injury and damages as a result of Lexington's violation of the automatic stay. Notably, Johnson is unable to perform her Chapter 13 case.

13. Lexington's actions evince contempt and disdain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Johnson is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Lexington for its willful violation of the automatic stay.

2

**WHEREFORE**, Johnson asks this court to enter an order:

(A) Directing Lexington to immediately return the funds to Johnson;

(B) Awarding Johnson compensatory damages against Lexington, including the reasonable attorney's fees and costs incurred by Johnson in the preparation and prosecution of this adversary proceeding;

(C) Awarding Johnson punitive damages against Lexington for its willful violation of the automatic stay, such damages being intended to instill in Lexington and other creditors due respect for this court and its orders and to deter them from taking similar action against Johnson and similarly situated debtors in the future; and,

(D) Granting Johnson any additional or different relief this court deems appropriate.

Dated: 5/4/2018

Respectfully submitted,

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff,
Kimberly Johnson

OF COUNSEL:

LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com

3